Next case is Lucy v. Russell. Good morning, Your Honor, and may it please the Court. Under this Court's FDCPA jurisdiction, a statement by a debt collector is misleading if, for the hypothetical least sophisticated consumer, it would be open to more than one reasonable interpretation, at least one of which is inaccurate. The state court summonses that are at issue here are false, or at a bare minimum are misleading under that standard. This is so because they misstate the consumer's time to answer, or at the very least are plausibly understood by the hypothetical least sophisticated consumer as stating a shorter deadline than is really the case under the CPLR. Mr. Schlander, let me ask you, because one of the things—and it wasn't argued, at least as I read the papers, by either party—one of the things we are bound to consider is standing, your client's standing to bring this case, and one of the things that your client has to show in connection with standing, or at least allege, is injury. So what is the injury that actually results from the claim that your client is bringing? So Your Honor, under Cohen, which this Court decided last year, the procedural rights under 1692e, not to receive collection of communications that contain falsehoods, protect an individual's concrete interests. And therefore, if you allege, certainly if you allege plausibly, a 1692e violation for a falsehood, that goes to the concrete interests that Congress was trying to protect. So here, consumers have not only concrete interests, just generally to not be told false things in a collection action, but they have a concrete interest not to be told a shorter deadline than they really have. And after all— So what's the injury? What's the concrete injury that results from that? Well, it's giving them warning, in my view, or feel free to persuade me otherwise, get your papers filed. The concrete injury is an impingement of the right to—an impingement of when you're given a false time to answer, right? So you have your right, your ability to answer, your ability to correct information, your right to correct information about when to answer is impinged. And this is the case for any statutory damages case under 1692e, that what you're talking about—so for example, in a case regarding a G notice, for example, right? So you're entitled to correct information about your time to dispute, and you're given incorrect information. You're told that you don't have 30 days from when you receive the notice. You're told you have 30 days from when you mail the notice, or you're given some wording that changes your time and makes it a little bit shorter. You feel injured even if it doesn't affect your own actions in any way? I think that's absolutely clear from this Court's jurisprudence in Cohen and also in Struble. As long as the information that you're receiving—the topic of the false information was at the core of what Congress was trying to govern. So in Struble, for example, which was a TILA case, as long as the disclosures went to TILA's got accurate disclosures about loan terms, even if there was no allegation that anybody relied on them—I mean, the FDTPA is—and this is well-established—is a strict liability statute. There's no actual damage requirement. And so as long as we're talking about information that goes to—as long as we're talking about what Congress was trying to protect, which was to be free of false information in the course of collection actions, there's going to be standing. So let's assume for the moment that you were right about that with regard to the federal statutory claim. That wouldn't address the problem with the GBL claim, right? There, you do need actual damages. You would need actual damages but not pecuniary harm. That's correct. Okay. So what are the actual damages under the state law claim, then? Again, the actual damage is impingement of your time to answer by being given false information about the time to answer, in the same way that being told in the Meyerson case, which obviously is not binding upon this Court but is a state Supreme Court case, being told by a landlord that you're required to give the landlord a Social Security number when you're not, is the same sort of injury. Under New York law, does service have to be complete in order to be valid? Meaning could you move for a default judgment without— If somebody hands the papers to a person but never files them with the county clerk, is that valid service in New York? Service would not be complete and therefore the time, even though 308 talks— Would it be valid? That's my question. It depends what you mean by service, Your Honor. I mean, under 308, it talks about service as needing to, you need, the process server, for example, needs to, what 308 is talking about when it uses the term service is delivery of the papers. That's very clear. So, for example, after service, the process— Is service that isn't completed sufficient to be service under New York law? It's— Does it create a duty to answer, put it that way? The statute distinguishes between service and completion of service. It uses different terms, but if you don't complete it, is the service valid? That's what I'm trying to ask. Service is valid, but there's other things that you're required to do that you haven't done, so the time to answer wouldn't run. Does that service without completion impose a duty to respond upon the person who got the papers? The time to answer runs from not only service, but also filing an affidavit of service and letting 10 days run. Completed. Sure, so— If it was completed, there hasn't been effective service, isn't that so? Your Honor, when—I'm trying to answer Your Honor's question as directly as I can. When 308-2 says, after you serve the person, you need to file proof of the date, time, and place of such service, so clearly the term service standing alone means delivery of the papers, and that's what this case is about, is that the consumer would plausibly understand service, because that's how it's used in the statutes and in common parlance, as meaning delivery of the papers. But if Your Honor is asking, does your time—and this is entirely the point, right? Your time to answer doesn't start running until you do other stuff, and that's why this notice is misleading, is because it's plausibly understood to mean I have 20 days—if I'm If it had said, after service was complete, what would a reasonable consumer think that meant? That language would have at least flagged for the consumer that something more is required when it comes to non-personal service. Would they know what it was? They might not know what it was, but— What you're seeking—what you're saying was not done is something that wouldn't be clear either. Well, I'm saying that you depart from the language of the statute at your peril. Am I right in saying what you're saying should have been there would not have been clear either? Your Honor, I'm not saying that the point is that it was missing the words is complete. I'm saying—now, Your Honor is right that if you tracked the statute, you tracked the liability, essentially because you would have a safe harbor. You would, at a minimum, be able to say it was reasonable for me to rely on the language in the statute. I'll try once more. If it had said the word complete, would a reasonable consumer understand what that meant? Either they would or they wouldn't. That's all I want to know, your view on that question. A reasonable consumer might not understand. Might not. Might—well— So you're saying this is false because it doesn't say something that a reasonable consumer would not understand, right? No. No. No. Your Honor, I'm saying that if you depart from the statute and make up your own language, the language you make up gets judged by the regular standards of this Court's jurisprudence on communications made to a consumer, which is, is that language plausibly understood—is it false or is it, at a minimum, subject to more than one interpretation, at least one of which is incorrect? And I think if you depart from the statute and you use the term service, not only the way it's used in common parlance, but the way the term service standing alone is used in 308, it is likely to be misunderstood and, therefore, it's actionable. Thank you. Thank you. You've reserved two minutes. Excuse me for rebuttal, Mr. Schlanger. Good morning, Your Honors. Good morning. My name is Paul Sanders. I represent the defendants' appellees. So this case is about the omission of the words, is complete from after service. Number one, the challenge language is accurate, okay? The words, is complete, is completely superfluous and unhelpful. Doesn't add anything from the consumer's point of view. And number three— The omission is that, sorry, service means service that's complete. Right. Service means complete service. It doesn't mean partial service. It doesn't mean half service, a quarter service, a third service. It means service. Complete is a modifier on the word service that's superfluous. If you say—the least sophisticated consumer is not going to think service means incomplete service. Okay? And to the extent there's an ambiguity, if you say service is complete, the reasonable consumer might think, well, it's complete when I got it. Right. Well, that's also problematic because service doesn't tell you what—the nail-in-the-mouth that doesn't tell you that you have to get it in the mail and affixed to your house. Service doesn't tell you that. Service is complete doesn't tell you you have to wait 10 days until after proof of service is filed. It tells you absolutely nothing. It just modifies a word which already means the same thing. And so, in the first instance, we don't get to—you know, we don't even get to immateriality here or standing or whether this was deceptive because it's accurate. I mean, there's just no question about it. If a consumer gets—two consumers who are identical each gets one version, there's going to be no difference. Either way, as a defendant in a litigation, you have to crack open the CPLR. Consumers are not exempt from the compliance of the CPLR and, you know, how service works and how it's defined. And there's no allegation here that they should have taken the whole CPLR and, you know, tucked it into a sleeve with the complaint when it was served. What was stated is accurate. And, you know, in addition to that, we have two cases that are exactly on point, even if there was a technical misstatement. I mean, you know, Judge McAvoy and Judge Scratini, their cases are nearly identical, finding that a technical misstatement in a summons is immaterial and doesn't give rise to an FDCPA case. Now, particularly Broming v. Chiari. Now, that case, the appellant stated in the brief that that case doesn't involve shortening the time to answer, but that's false. That's exactly what it involves. All right? There, it said you could take a default judgment without further notice, but in reality, you needed to confirm proof of service and wait 20 days. Okay? And that was an affirmative misstatement. That was a real misrepresentation, because they're making an affirmative misrepresentation that they can take a default judgment without further notice when they need to do further notice. Okay? And what is default judgment? Default judgment is the other side of the coin of answering. You can take a default judgment the day after you fail to answer the deadline. Okay? So if they can take a default judgment 20 days earlier than they really, that they say they can take a default judgment 20 days earlier than they can, that's shortening the time to answer. If they were, if they were accurately stated that they can't take a default judgment until after further notice in 20 days, then they would have, the consumer would have more time to answer. So that is the exact issue here, the exact issue. There's no way to distinguish that case. And the court held clearly and unequivocally that such a misstatement could not influence a consumer's decision to pay the debt or impair the consumer's ability to challenge the debt as a matter of law. Quote, it would inform even the least sophisticated consumer that he has a specific time in which to act and prompt him to consult with an attorney, answer the complaint pro se, or take some other action to protect his interests. Okay? You know, it would not coerce an unsophisticated consumer to act against his interests or lull him into inactivity to his detriment. I mean... So are there actual damages here? There are no damages here. He, I mean, we know... You assert that as a... Well, not as a jurisdictional issue, but based on the case law, that was the basis for dismissing the complaint in Broman, that there was no actual damages. Here, within two days of receiving the complaint, he got a lawyer, and the lawyer moved to change venue. And that's exactly the way this language is supposed to work, whether it says is complete or not. And it doesn't matter that he did that. It's irrelevant. The bottom line is, and the case law is clear on this, that the language is there to tell you you have a time to answer, and it's accurate in this case. But even if it wasn't accurate, you know, you'd still... It would still advise you that you have to defend this lawsuit. And that was not... That is not an FDCPA violation. Gordon? I live in the state next door to New York, so tell me how the 10 days factors into this, or remind me. I've tried to figure it out, and I think I understand it, but every time I think I've got it, I get confused. Well, as I understand it, you have to both affix the... You're talking about 308-4? Yeah. Okay. On the service that was made here, mail and nail, right? Yeah, you have to both nail it, you have to fix it to the residents, and you have to mail it. Right. And then after that, you have to file proof of service. You, the plaintiff? The plaintiff has to file proof of service. All right. And when do the 30 days start? And then wait 10 days, and then the 30 days starts. All right. And that's when service is complete. Your adversary is saying the consumer is not told all of this. Right. So that the consumer doesn't understand that he, in substance, has 40 days. Exactly, Your Honor. That's it. But also, the language that's being advocated for doesn't tell you that you need it both through the mail and you need it to be affixed. It doesn't tell you anything. It just tells you, you know, that you have a lawsuit and you have this amount of time to respond within after service is complete per the rules. So if you had a process server serve the summons and complaint? If you have a process server serve it personally, which didn't happen here. It says right in there, then you have 20 days from service. I'm sorry. You have 20 days. Yeah. Okay. So, I mean, anyways, in sum, Your Honors, it's accurate. Service doesn't mean incomplete service. The words is complete. They're completely superfluous and helpful. They add nothing. And there's no deception whatsoever. In any case, you have to comply with the rules, look at the rules. And number three, it's immaterial. And there's case law that's exactly on point. And I think it's quite telling that, you know, the appellee relies on, you know, this case law that's completely inapposite, okay, that has to do with overshadowing of the dispute and validation provisions. And the other case they rely on, the Arias case, says right inside it that the misrepresentation dealt with the substantive law, whether they – how the debt is paid. It has to do with whether the debt, whether certain funds is exempt from garnishment. It goes right to the meat of the case. This is, by definition, procedural, time to answer a complaint. So that case actually shows, establishes when you would have a situation where you have materiality, which is not this situation. And there's no case law in existence that supports the appellee's position. There's only case law by, you know, very clear decisions that were issued by senior district court judges that show that there is no materiality here. And the complaint should be dismissed, was properly dismissed. Thank you. Thank you. Mr. Schlander, do you have – you have two minutes to rebut, if you would like. Thank you, Your Honor. With regard to standing, I would direct the Court to the unambiguous holding in Cohen where the Court said we've held in the wake of Spokio, albeit in non-binding opinions, that 1692 and 1692G protect an individual's concrete interests so that an alleged violation of these provisions satisfies the injury and fact requirements of Article III. We reach that same conclusion here. So – and the Court said we're going to do that before we get to materiality. It's an independent inquiry of whether or not you've shown materiality. With regard to opposing counsel's insistence that the term is complete is superfluous, you know, we're supposed to not look for readings of laws that make terms that are in the statute superfluous. 320 clearly distinguishes between days after service and days after service is complete. And 308 clearly uses the term service to mean the delivery of the papers and then talks about completion of service as something separate. With regard to the 10 days, Your Honor asked about, it's at least 10 days. And in this case, it was significantly more because the time runs from whenever – first you're served, then the affidavit of service gets filed stating the proof that you were served. And then you have 10 days. So in many cases, the affidavit of service doesn't get filed for several weeks. And the consumer doesn't have in lieu of 20 days, 30 days. The consumer in lieu of 20 days has 40 or 50 or 60 days. With regard to the two district court cases, they are both, I think, obviously distinguishable. Most notably, in addition to the fact that they first both found that the debts at issue weren't consumer debts and so it wasn't subject to the statute at all. But telling somebody they have more time is very different than telling somebody they have less time because the standard for materiality that this court has adopted is whether the statement has the potential to affect the decision-making process of the least sophisticated consumer. So when you're told you have more time than you really do, it's very difficult to figure out how that could adversely affect you. But if you think that you have little or no time, that your time has already run and that you're actually now just, you've missed your deadline to answer, that might cause the hypothetically sophisticated consumer to settle rather than fight or it might cause them to settle for more rather than less. Thank you. You both will reserve decision in this case. Thank you. Thank you.